**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0257n.06

No. 14-3717

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 10, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ULISES ROGACIANO MIRON-SANDRIA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

BEFORE: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

PER CURIAM. Ulises Rogaciano Miron-Sandria, a citizen of Mexico, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his applications for withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal.

Miron-Sandria was born in Mexico in 1978 (AR 309) and entered this country without inspection in 1999 (AR 285). He was arrested for assault in 2010 and was placed in removal proceedings. He applied for the above relief. At a hearing before an IJ, Miron-Sandria testified that he feared that he would be kidnapped and held for ransom if he returned to Mexico, because he would be perceived as wealthy after having lived in the United States for many years and

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

having relatives in this country, and that the government of Mexico was unable or unwilling to protect him. Miron-Sandria was asked why he indicated in his application that he would be persecuted in Mexico based on his political opinion (AR 279), but he had no explanation (AR 186). He admitted that he did not think he would be tortured (*Id.*). Miron-Sandria has two sons who are United States citizens (AR 370, 378). He testified that they would stay in the United States if he were deported (AR 154) and that they would suffer hardship from the separation and his inability to support them economically.

The IJ denied all the requested relief, finding that Miron-Sandria had not established eligibility for withholding of removal because he did not show that he would be persecuted based on a protected ground, had not established eligibility for protection under the CAT because he made no showing that he would be tortured, and was not eligible for cancellation of removal because he was not of good moral character and his sons would not suffer exceptional and extremely unusual hardship if he were removed (AR 92-106). The IJ found that Miron-Sandria lacked good moral character based on evidence that the assault charge that brought him to the attention of the authorities had been dismissed because the victim was threatened and refused to press charges (AR 105). On appeal, the BIA did not reach this issue but agreed with the remainder of the IJ's findings (AR 11-13). Miron-Sandria reasserts his claims before this court. The government argues that the petition for review should be denied as to Miron-Sandria's applications for withholding of removal and protection under the CAT and dismissed for lack of jurisdiction as to his application for cancellation of removal.

The denial of an application for withholding of removal will be upheld unless it is manifestly contrary to law. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). In order to be entitled to withholding, an applicant must establish a clear probability that he will be

persecuted if he returns to his country. *See Zoarab v. Mukasey*, 524 F.3d 777, 782 (6th Cir. 2008). Miron-Sandria testified that he feared that he would be kidnapped and held for ransom because he would be perceived as being wealthy after living in the United States for a lengthy time. One who claims to fear persecution by criminal elements must show that the criminals will target them based on a protected ground. *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011). Criminal exploitation of those perceived as wealthy does not constitute persecution based on a protected ground. *Jutus v. Holder*, 723 F.3d 105, 111 (1st Cir. 2013); *Lopez-Castro v. Holder*, 577 F.3d 49, 54 (1st Cir. 2009); *cf. Khozhaynova*, 641 F.3d at 196. Therefore, the denial of Miron-Sandria's application for withholding of removal was not manifestly contrary to law.

The denial of an application for protection under the CAT will also be upheld unless it is manifestly contrary to law. *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001). In order to be entitled to protection under the CAT, an applicant must show that it is more likely than not that he will be tortured. *Id*. Miron-Sandria did not proffer any evidence in support of this claim, and in fact conceded that he would not be tortured. Accordingly, we must deny the petition for review as to the claims for withholding of removal and protection under the CAT.

With reference to his application for cancellation of removal, Miron-Sandria asks the court to reweigh the factors addressed by the IJ and the BIA in determining whether his sons would suffer exceptional and extremely unusual hardship if he is removed to Mexico. However, this is a discretionary determination that we lack jurisdiction to review. *See Ettienne v. Holder*, 659 F.3d 513, 516-19 (6th Cir. 2011).

For the above reasons, we deny the petition for review of the denial of Miron-Sandria's applications for withholding of removal and protection under the CAT and dismiss the petition for review of the denial of his application for cancellation of removal.